In the Matter of WILLIAM J. KENNEDY, Individually and as Executor of and Trustee under the Will of JOHN E. KENNEDY, Deceased, Appellant.

SUSAN V. TUOHY, Individually and as Administratrix of the Estate of KATHERINE T. KENNEDY, Deceased, et al., Respondents.

Will — construction — trust to pay income to wife and upon her death divide remainder amongst specified charities and relatives — direction that provision for wife was in lieu of "dower, thirds and all other interests "— gift of residue of estate to specified residuary legatees if wife elects to take " her dower and thirds as allowed by law "— no intent to give to wife, at her election, what she would have received had testator died intestate.

A provision in a will whereby testator bequeathed the residue of his estate to trustees to pay the income to his wife for life and upon her death gave the remainder, in specified proportions, to charities and to relatives, and directed that the provisions for his wife were "in lieu of dower, thirds and all other interest in my estate, real, personal or mixed," and that, if she elected to take "her dower and thirds as allowed by law," then he gave the residue of his estate, "which may remain after allotment of my said wife's dower and

thirds," to the residuary legatees, evidences no intent to give to the wife, at her election, what she would have received had he died intestate. The provision should be construed merely as a gift of the principal of the trust estate to charities or to relatives in case the wife prefers to take that to which she may have a legal claim.

*Matter of Kennedy*, 223 App. Div. ˮ 22, reversed.

(Argued May 28, 1928; decided June 12, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 21, 1928, which reversed as matter of law a decree of the Kings County Surrogate's Court construing the will of John E. Kennedy, deceased.

*Samuel J. Fisher* and *Joseph A. Kennedy* for appellant. The language of the will shows clearly that the testator did not intend that his wife, by renouncing the provisions of his will for her benefit, should take any share in his estate over and above that which the law would allow her upon renunciation. (*Bond* v. *Moore*, 236 Ill. 576; *Brown* v. *Quintard*, 177 N. Y. 75; *Bradhurst* v. *Field*, 135 N. Y. 564; *Adams* v. *Adams*, 1 Hare, 537; *Matter of Hodgman*, 140 N. Y. 421; *Matter of Bloodgood*, 222 N. Y. Supp. 345; *Matter of Benson*, 96 N. Y. 499; *Matter of Silsby*, 229 N. Y. 396; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Hennessy* v. *Patterson*, 22 Hun, 145; 85 N. Y. 91; *Matter of Lawrence*, 37 Misc. Rep. 702; *Sarles* v. *Sarles*, 19 Abb. N. C. 322; *Taylor* v. *Wendel*, 4 Bradf. 324.)

*James F. McNaboe* for respondents. The construction of the seventh clause of the decedent's will by the Appellate Division as giving to the widow her dower in the real property and one-half of the personal estate plus the sum of $2,000 (the share the widow would take in case of her husband's intestacy) is in accord with the evident intent of the testator and should be affirmed. (*Matter of White*, 219 App. Div. 502; 245 N. Y. 587; *Taggart* v. *Murray*, 53 N. Y. 233; *Van Vechten* v. *Keaton*,

63 N. Y. 52; *Hard* v. *Ashley,* 117 N. Y. 606; *Mee* v. *Gordon,* 187 N. Y. 400; *Mulcahy* v. *Johnson,* 80 Colo. 508; *Shipley* v. *Mercantile Trust, etc., Co.,* 102 Md. 649; *Yeomans* v. *Stevens,* 2 Allen, 349; *Gail* v. *Gail,* 127 App. Div. 892.)

ANDREWS, J.  By his will, after a legacy of $3,000 to his wife, Mr. Kennedy bequeathed the residue of his estate to trustees.  They were told to invest this fund and to pay the income to Mrs. Kennedy for life.  He made most careful provision that she should herself receive this income unimpaired by any claims of others and he added that the provisions in her favor " are in lieu of dower, thirds and all other interest in my estate, real, personal or mixed."

He evidently expected her to receive the bequest as a satisfaction of any legal claims she might assert.  These in fact were slight.  There was little or no real property, although he apparently believed he had some title to his residence.  In truth, on his death, it passed to the wife as tenant by the entirety.  His personal property amounted to about $85,000.  He apparently believed also that the wife did or might have some claim to a part of this sum.  But he desired her to take what he gave as he gave it.  He wished himself to make final disposition of the principal.  If she asserted any legal rights it was to be at the expense of forfeiting any provisions he had made for her benefit.  Then he gives the remainder in specified proportions to charities and to relatives.

He knew his wife might refuse to accept what he had given.  If so he makes no alternative bequest to her.  She may take what the law will give her.  That he cannot prevent.  But if she does so, and elects to take " her dower and thirds as allowed by law " then he gives the residue of his estate " which may remain after allotment of my said wife's dower and thirds " to others.

.26

We see here no intent to give her anything but an interest in the trust fund, no intent to give her that, or if she so desires to give her what she would have received had he died intestate. Had he so died she would have received not dower and a third of his personalty but a half. We construe the provision merely as a gift of the principal of the trust estate to charities or relatives in case the wife prefers to take that to which she may have a legal claim. If, believing otherwise, she renounced the provisions made for her, if she, too, thought she had a claim to a third of her husband's personalty, it may be unfortunate for her surviving relatives. They, however, lose little they would not have lost had she decided otherwise. Clearly the testator did not desire that they should share in the principal of his estate, certainly not beyond the legacy of $3,000 which he gave her absolutely.

The order of the Appellate Division should be reversed and the decree of the surrogate affirmed, without costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.